UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMELL SCOTT,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action Nos. 20-4819 (FLW)<br><br>ORDER TO SHOW CAUSE |

This matter has been opened to the Court by *pro se* Petitioner Jamell Scott ("Petitioner" or "Scott") filing of an Amended Petition brought pursuant to 28 U.S.C. § 2254, a motion seeking discovery, and a motion regarding newly discovered evidence. *See* ECF Nos. 9-11. For the reasons explained herein, the Court will deny both motions and direct Petitioner to SHOW CAUSE as to why the Amended Petition should not be dismissed as a mixed petition.

Plaintiff convictions arise from the February 7, 2006 murder of Jose Francisco Olivares in a Lakewood barbershop. The State contended that Petitioner's codefendant Tyleek Baker shot Olivares, and that Petitioner and codefendant James Russell conspired with Baker and acted as his accomplices. *See* State v. Scott, 06–05–0869, 2012 WL 1365970, at *1 (N.J. Super. App. Div. Apr. 20, 2012). Defendants were tried jointly and convicted by a jury on all counts.[1] *See id.*

---

[1] Petitioner was also charged in a separate but related murder. The State contended that Lee Reeves—intending to kill Christian Vivar Granados, who was to testify at trial the next day against Baker, Scott, and Russell—shot and killed Vasquez, who was the mother of Granados' girlfriend. Scott was charged and convicted as an accomplice in that murder as well. *See State v. Scott*, Nos. A-4765-15T21, A-0422-16T2, A-0531-16T2, 2019 WL 3811913, at *1 (N.J. Super. App. Div. Aug. 14, 2019).

1

The instant habeas petition was filed on or about April 22, 2020.  ECF No. 1.  The Court administratively terminated the action because Petitioner had not submitted the filing fee, or signed the Petition, and the Court also provided Petitioner with the notice pursuant to *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).  *See* ECF No. 2.

On December 3, 2020, after submitting an Amended Petition, Petitioner sought a stay in this action because he filed a motion for a new trial in state court, based on the discovery of new evidence.  *See* ECF No. 4.  On July 14, 2021, the Court denied without prejudice Petitioner's motion for a stay and his request for counsel, but permitted Plaintiff to submit an Amended Petition that included the unexhausted claim(s) along with a new motion for a stay that explained the potential merits of his unexhausted claim(s).  *See* ECF No. 6.

Plaintiff subsequently sought and received additional time to file his Amended Petition and his motion for a stay.  ECF Nos. 7-8.  Plaintiff thereafter filed his Amended Petition on October 6, 2021.  Although the Amended Petition raises eleven claims for relief and appears to include several unexhausted claims, *see* Grounds Seven-Eleven, Petitioner <u>did not</u> file a new motion for a stay.[2]  *See* ECF No. 9.

Instead, on March 1, 2022, Petitioner filed a motion "for leave to invoke discovery" followed by a motion "of newly discovered evidence" on August 31, 2022.  *See* ECF Nos. 10-11. In the first motion, Petitioner appears to seek discovery in the District Court to develop the unexhausted claim in Ground Seven, which alleges that Petitioner's trial attorney was ineffective for failing to file motions to suppress and for dismissal of Petitioner's indictment based on an allegedly defective arrest warrant.  Specifically, Plaintiff states that he "is seeking the 'Affidavit

---

[2] The first six grounds for relief in the Amended Petition appear to track the issues Plaintiff raised on direct appeal.  *See Scott*, 2012 WL 1365970, at *1–2.

in Support of the Arrest Warrant' in *State of New Jersey v. Jamell Scott*, No. 06-05-0861.  The basis of seek[ing] the document is to support the contention that the document is false, inaccurate and simply put defective." *See* Discovery Motion at 3.

In the second motion, Plaintiff submits the Affidavit in support of his arrest warrant and other documents from the criminal investigation of the murder of Olivares and states that he obtained these documents from the Ocean County Prosecutor's Office through an Open Public Records Act ("OPRA") request.  *See* ECF No. 11.  Because Plaintiff has apparently obtained the Affidavit in support of his arrest warrant through an OPRA request, his motion for discovery, ECF No. 10, is denied as moot.

It is unclear if Petitioner is still seeking a stay to return to state court to pursue his unexhausted ineffective assistance of counsel claim premised on his trial attorney's failure to file motions to suppress evidence and for dismissal of the indictment based on the allegedly defective arrest warrant.  If, so, Petitioner has not met his burden to show that Ground Seven has arguable merit.  Petitioner contends that his trial counsel should have sought to suppress witnesses' statements and identifications of Petitioner as "fruit of the poisonous tree," *see Wong Sun v. United States*, 371 U.S. 471, 484 (1963), and that his trial counsel should have sought dismissal of the indictment based on the defective arrest warrant.  Petitioner fails to explain, however, the connection, if any, between his defective arrest warrant and the witnesses identification(s) and statement(s), and he has not explained how he was prejudiced by his attorney's failures to file the motion to suppress and the motion to dismiss the indictment.  Moreover, Petitioner has also raised

3

several other seemingly unexhausted claims in his Amended Petition, and he has not explained why a stay is warranted for those claims.[3]

Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber*, , the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA's purposes, 544 U.S. 269, 276 (2005), and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

---

[3] Among other allegations, in Ground Ten, Plaintiff alleges that on July 17, 2020, he received an Affidavit from Daniel C. Thomas, who pleaded guilty to conspiracy to commit aggravated assault in the death of Olivares and testified against Petitioner at his trial. According to Plaintiff, Thomas stated "under oath" that Petitioner had nothing to do with the shooting of Olivares. *See id.* at 18. In Grounds Eight and Nine, Plaintiff contends, among other allegations, that he and the shooter, Tyleek Baker could not "have shared the same state of mind" because Baker has mental illness and frontal lobe epilepsy. *See id.* at 16-17.

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). As noted above, even if the Court assumes Petitioner could not have raised his unexhausted claims earlier, Plaintiff has not shown that any of his unexhausted claims have arguable merit.

At this time, the Court will issue an Order to Show Cause and direct Petitioner to show cause as to why his Amended Petition should not be dismissed as a mixed petition. Within 30 days of his receipt of this Memorandum and Order, Petitioner must choose one of the following four options: 1) withdraw all the unexhausted claims, 2) seek a stay on all the unexhausted claims, 3) seek a stay on those specific unexhausted claims he wishes to exhaust in state court and withdraw the remaining unexhausted claims;[4] or 4) elect to dismiss this matter without prejudice.[5] In order to receive a stay in this matter, Petitioner must explain why his unexhausted claim(s) have potential merit. If Plaintiff fails to respond to this Order within 30 days, the Court will dismiss the Amended Petition without prejudice as a mixed petition.

The Court also denies the request for pro bono counsel, as there is no right to counsel in habeas proceedings. Moreover, the Amended Petition contains unexhausted claims, and Petitioner has not shown the potential merits of any of his claims, or that the claims are not able to be resolved on the papers.

---

[4] Petitioner should clearly inform the Court which claims he seeks to withdraw and which claims he seeks to exhaust in state court.

[5] If Plaintiff elects to dismiss this matter without prejudice, he may lose the opportunity to bring his habeas claims in federal court.

**IT, IS THEREFORE**, on this 26th day of October 2022,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that the motion for discovery, ECF No. 10, is DENIED AS MOOT; and it is further

**ORDERED** that the motion "of newly discovered evidence", ECF No. 11, is DENIED without prejudice; and it is further

**ORDERED** that Petitioner is directed to SHOW CAUSE as to why his Amended Petition, ECF No. 9, should not be dismissed as a mixed petition; and it is further

**ORDERED that within 30 days of his receipt of this Memorandum and Order, Petitioner must choose ONE of the following four options: 1) withdraw all the unexhausted claims, 2) file a motion for a stay on all the unexhausted claims, 3) file a motion for a stay on those specific claims he wishes to exhaust in state court and withdraw the remaining unexhausted claims; or 4) elect to dismiss this matter without prejudice;** and it is further

**ORDERED** that if Plaintiff fails to respond to respond within the timeframe provided or fails to elect one of the four options, the Court will dismiss the Amended Petition as a mixed petition.

**ORDERED** that the request for pro bono counsel is DENIED without prejudice; and it is further

**ORDERED** that Memorandum and Order by regular mail upon Petitioner at the address on file.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge